# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SATICOY BAY LLC, SERIES 7342 TANGLEWOOD PARK,

Plaintiff(s),

v.

JP MORGAN CHASE BANK, et al.,

Defendant(s).

2:13-CV-1199 JCM (VCF)

## ORDER

Presently before the court is plaintiff's motion to remand to state court. (Doc. # 12). Defendants JPMorgan Chase Bank, N.A. ("JPMorgan Chase") and California Reconveyance Company filed a response in opposition. (Doc. # 19). Plaintiff did not file a reply.

**I.      Background**

Defendant removed this action from state court pursuant to 28 U.S.C. § 1441(b) and 1446. Defendant cited this court's diversity jurisdiction, 28 U.S.C. § 1332, as the basis for removal. On July 1, 2008, defendants Beaulah Atkinson and Damon Green took out a loan for $235,733 to purchase/refinance real property commonly known as 7342 Tanglewood Park Street, Las Vegas, Nevada 89166 ("the property"). This loan was evidenced by a deed of trust and promissory note, the former of which was recorded in the official records of the Clark County Recorder on July 9, 2008. This deed of trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as trustee.

. . .

**James C. Mahan**
**U.S. District Judge**

1    On August 12, 2009, the Bar Arbor Glen Homeowners Association ("Bar Arbor HOA"), through Nevada Association Services, Inc., recorded a notice of delinquent assessment against the property for HOA assessments that Atkinson and Green had not paid. Bar Arbor HOA recorded a notice of default and election to sell under the HOA lien on May 18, 2011. Bar Arbor HOA's delinquent assessments totaled $3,455.93 at that time. On August 19, 2011 MERS assigned the deed of trust to defendant JPMorgan Chase.

On February 15, 2013, plaintiff's parent company, Saticoy Bay, LLC, paid $22,700 at a foreclosure sale held on behalf of Bar Harbor HOA to acquire the property. Saticoy Bay, LLC then quitclaimed its interest in the property to plaintiff on May 13, 2013. On May 17, 2013, plaintiff filed this case in state court. Plaintiff seeks to enjoin defendants from foreclosing upon the property, and seeks a declaration from the court that the property is vested in plaintiff free and clear of all liens and encumbrances.

**II.    Legal Standard**

A complaint filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the action had it been brought in federal court in the first place. 28 U.S.C. § 1441(a). This court has original jurisdiction, pursuant to 28 U.S.C. § 1332(a), over suits between citizens of different states for which the amount in controversy exceeds $75,000. "In actions seeking declaratory and/or injunctive relief," such as the instant case, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Commission*, 432 US 333, 347 (1977).

"The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The defendant bears the burden of establishing that removal is proper." *Id.*

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  action against a resident defendant, and the failure is obvious according to the settled rules of the
2  state.'" *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Further,
3  the defendant is entitled to present the facts showing the joinder to be fraudulent." *Id.* (internal
4  citation omitted).

**III. Discussion**

Plaintiff seeks to remand to state court by arguing this court does not have diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff argues that the complete diversity requirement is not met because plaintiff as well as defendants Atkinson and Green are all citizens of Nevada. Plaintiff argues that both Atkinson and Green are proper defendants because plaintiff is attempting to quiet title to the property and Atkinson and Green are former owners of the property. Plaintiff also alleges that the amount in controversy requirement is not met because "[t]he complaint does not ask for money damages, only quiet title, injunctive relief and declaratory relief." (Doc. # 12, 2:7-8).

As an initial matter, defendant JPMorgan Chase has submitted properly authenticated documents demonstrating that the value of the loan secured by the deed of trust was $235,733. Additionally, the assessor's office values the property $128,974. Because plaintiff seeks relief which would declare it to be the rightful owner of the property, free and clear of all claims by defendants, the value of the defendants' interest in the property represents the "amount in controversy" in this case. Because both the value of defendants' interest in the property and the value of the property itself exceed $75,000, the amount in controversy requirement is certainly met.

The court now considers JPMorgan Chase's argument that Atkinson and Green are fraudulently joined defendants. They are. Plaintiff is attempting to establish that its interest in the subject property is superior to that of Atkinson and Green. In plaintiff's motion for remand, it rightly asserts that Atkinson and Green are the *former* owners of the property.

Plaintiff foreclosed on the property pursuant to Nev. Rev. Stat. § 116.3116 because of the delinquency of Atkinson and Green in paying the HOA fees. Plaintiff's complaint affirmatively states that it complied with all the requirements of Nev. Rev. Stat. § 116 and that the foreclosure was lawful and proper. The complaint also does not allege that either Atkinson or Green are asserting any

James C. Mahan
U.S. District Judge

- 3 -

1  interest or rights in the property. Plaintiff's proper foreclosure pursuant to Nev. Rev. Stat. § 116
2  extinguished the rights and interests of Atkinson and Green in the property. Nev. Rev. Stat. §
3  116.31166(3) states "[t]he sale of a unit pursuant [to this statutory scheme] vests in the purchaser
4  the title of the unit's owner without equity or right of redemption."

5  Therefore, both Atkinson and Green are fraudulently joined defendants and their presence
6  will be ignored for the purpose of determining diversity jurisdiction in this matter. This court has
7  original, diversity jurisdiction and will deny plaintiff's motion to remand.

8  Accordingly,

9  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
10 remand (doc. # 12) be, and the same hereby is, DENIED.

11 DATED October 29, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -