# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SATICOY BAY LLC, SERIES 7342 TANGLEWOOD PARK,

        Plaintiff(s),

v.

JP MORGAN CHASE BANK, et al.,

        Defendant(s).

2:13-CV-1199 JCM (VCF)

**ORDER**

Presently before the court is a motion to dismiss filed by defendants California Reconveyance Company and JPMorgan Chase Bank, National Association. (Doc. # 20). Plaintiff Saticoy Bay, LLC Series 7342 Tanglewood Park filed a response in opposition (doc. # 23), and defendants filed a reply (doc. # 26).

Also before the court is plaintiff's countermotion to stay. (Doc. # 27). Defendants filed a response in opposition. (Doc. # 28).

This case involves a dispute over a property that was subject to an HOA "super priority" lien. Plaintiff claims that its predecessor-in-interest purchased the property commonly known as 7342 Tanglewood Park Street, Las Vegas, Nevada 89166 for the nominal amount of $22,700 and thereby extinguished JPMorgan Chase Bank's $235,733 deed of trust.

Over the last several months, the court has become all too familiar with Nev. Rev. Stat. § 116.3116, which grants priority to portions of liens arising from delinquent HOA assessments.

**James C. Mahan**
**U.S. District Judge**

Countless cases have been filed in Nevada posing the question as to whether a foreclosure of an HOA's "super priority" interest extinguishes deeds of trust that predate the HOA lien.

Courts at both the state and federal level disagree as to the correct interpretation of this provision. *See, e.g.*, *7912 Limbwood Court Trust v. Wells Fargo Bank, N.A.*, 2013 WL 5780793 (D. Nev. 2013) (holding that foreclosure of an HOA super priority lien extinguishes a deed of trust)*;* *LVDG Series 125 v. Welles*, 2013 WL 6175813 (D. Nev. 2013) (holding that a deed of trust is not extinguished following the foreclosure of an HOA super priority lien).

Despite the numerous cases presenting this precise question that have been filed in state courts, the Nevada Supreme Court has yet to weigh in on the issue. In fact, plaintiffs list over fifty cases pending before the Nevada Supreme Court that turn upon this very question. (Doc. # 27 pp. 111-12). Though federal district courts can generally rule upon questions of state law, this power becomes rather murky when there is no precedent from a state's highest court to assist in interpreting novel statutes. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007). This difficulty is compounded further by the fact that Nevada has no intermediate appellate courts to provide guidance before these questions reach the Nevada Supreme Court.

It is quite apparent that there is vast disagreement among state and federal courts regarding the interpretation of Nev. Rev. Stat. § 116.3116. Therefore, out of respect for Nevada's sovereignty and interest in having its statutes interpreted by its own judges, the court finds it appropriate to grant plaintiff's motion to stay pending the Nevada Supreme Court's ruling as to whether a foreclosure of an HOA "super priority" lien pursuant to Nev. Rev. Stat. § 116.3116 extinguishes an earlier deed of trust.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's countermotion to stay (doc. # 27) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS FURTHER ORDERED that defendants' motion to dismiss (doc. # 20) is DENIED WITHOUT PREJUDICE.

DATED February 28, 2014.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE