UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SATICOY BAY LLC, SERIES 7342 TANGLEWOOD PARK,<br><br>Plaintiff(s),<br><br>v.<br><br>SRMOF II 2012-1 TRUST, et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1199 JCM (VCF)<br><br>ORDER |

Presently before the court is Plaintiff Saticoy Bay, LLC Series 7342 Tanglewood Park's (hereinafter "plaintiff") motion for summary judgment. (Doc. # 40). Defendant SRMOF II 2012-1 Trust, U.S. Bank Trust National Association (hereinafter "defendant") filed a response, (doc. # 44), and plaintiff filed a reply, (doc. # 48).

Also before the court is defendant's countermotion for summary judgment. (Doc. # 45). Plaintiff filed a response, (doc. # 49), and defendant filed a reply, (doc. # 51).

**I.     Background**

This case involves a dispute over property that was subject to a homeowners' association ("HOA") superpriority lien for delinquent assessment fees.  On July 1, 2008, Beaulah Atkinson and Damon Green executed a deed of trust on their property located at 7342 Tanglewood Park Street, Las Vegas, Nevada ("the property").  The deed of trust listed Stewart Title Company as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary.  The loan was also federally insured through the Federal Housing Administration ("FHA") insurance program. (Doc. # 45-1).

**James C. Mahan**
**U.S. District Judge**

1    On August 7, 2009, Nevada Association Services, Inc. ("NAS") filed a notice of delinquent assessment lien on the property on behalf of the Bar Arbor Glen HOA. On May 16, 2011, NAS filed a notice of default and election to sell under the HOA lien. NAS then filed two notices of intent to foreclose on the property. On February 15, 2013, NAS foreclosed on the HOA lien, selling the property to plaintiff's predecessor-in-interest, Saticoy Bay, LLC. Plaintiff later obtained title to the property by quitclaim deed. (Doc. # 45-1).

Defendant is the beneficiary of the deed of trust on the property. On August 18, 2011, MERS assigned the deed of trust to JP Morgan Chase Bank, National Association ("Chase"). (Doc. # 45-1, ex. E). On August 6, 2013, Chase assigned the deed of trust to the Secretary of Housing and Urban Development ("HUD"). (Doc. # 45-1, ex. J). On November 5, 2013, HUD assigned the deed of trust to defendant. (Doc. # 45-1, ex. K).

Plaintiff filed this action for quiet title and declaratory relief, arguing that defendant's interest in the property was extinguished by the HOA foreclosure sale pursuant to Nevada Revised Statute 116.3116.[1]

Both sides now move for summary judgment.

**II.    Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

---

[1] Plaintiff originally sued Chase, California Reconveyance Company, Beaulah Atkinson, and Damon Green. (Doc. # 1-1). On January 16, 2014, the parties stipulated to substitute defendant and dismiss Chase, in light of the fact that defendant had been assigned the deed of trust. (Doc. # 35). On January 13, 2015, California Reconveyance Company was dismissed by stipulation. (Doc. # 42). Accordingly, SRMOF II 2012-1 Trust, U.S. Bank Trust National Association; Atkinson; and Green are the remaining defendants in the case. The claims against Atkinson and Green will be discussed below.

**James C. Mahan**
**U.S. District Judge**

- 2 -

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

### III.     Discussion

Plaintiff argues that it is entitled to summary judgment on its claims for quiet title and declaratory relief because the homeowners' association foreclosure sale extinguished defendant's

**James C. Mahan**
**U.S. District Judge**

1 interest in the property. (Doc. # 40). In support of its motion, plaintiff cites the Nevada Supreme Court's holding that the foreclosure of an HOA superpriority lien extinguishes a first deed of trust. *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 409 (Nev. 2014).

Defendant contends that "because the loan at issue was federally insured through the Federal Housing Administration ("FHA") insurance program, Plaintiff's claims are preempted by the Property and Supremacy Clauses of the United States Constitution." (Doc. # 45). Plaintiff responds that defendant fails to produce any evidence that the loan at issue was federally insured. (Doc. # 49). These arguments will be addressed in turn.

### i.     *Property and supremacy clauses*

Under the property clause of the United States Constitution, only "Congress shall have the power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States . . . ." U.S. Const. Art. IV, § 3, cl. 2. The supremacy clause provides that the "Constitution . . . shall be the supreme law of the land . . . ." U.S. Const. Art. VI, cl. 2. "State legislation must yield under the supremacy clause of the Constitution to the interests of the federal government when the legislation as applied interferes with the federal purpose or operates to impede or condition the implementation of federal policies and programs." *Rust v. Johnson*, 597 F.2d 174, 179 (9th Cir. 1979).

In *Rust*, the Ninth Circuit held that a city's foreclosure on property insured by the Federal National Mortgage Association was invalid under the supremacy clause. The court reasoned that upholding the sale "would run the risk of substantially impairing the Government's participation in the home mortgage market and of defeating the purpose of the National Housing Act." *Id.*

On this basis, courts consistently apply federal law, ignoring conflicting state law, in determining rights related to federally-insured loans. *United States v. Stadium Apartments, Inc.*, 425 F.2d 358, 362 (9th Cir. 1970) (holding that federal law applies to FHA-insured mortgages "to assure the protection of the federal program against loss, state law to the contrary notwithstanding"); *see also United States v. Victory Highway Vill., Inc.*, 662 F.2d 488, 497 (8th Cir. 1981) (citing Ninth Circuit case law) ("We note that federal law, not [state] law, governs the rights and liabilities of the parties in cases dealing with the remedies available upon default of a

**James C. Mahan**
**U.S. District Judge**

- 4 -

federally held or insured loan."). Foreclosure on federal property is prohibited where it interferes with the statutory mission of a federal agency. *See United States v. Lewis Cnty.*, 175 F.3d 671, 678 (9th Cir. 1999) (holding that the state could not foreclose on federal Farm Service Agency property for non-payment of taxes).

Federal district courts in this circuit have set aside HOA foreclosure sales on property and supremacy clause grounds in cases involving federally insured loans and federally owned land. *See Sec. of Hous. and Urban Dev. v. Sky Meadow Ass'n*, 117 F. Supp. 2d 970, 982 (C.D. Cal. 2000) (voiding HOA's non-judicial foreclosure on HUD property, quieting title in HUD's favor based on property and supremacy clauses); *Yunis v. United States*, 118 F. Supp. 2d 1024, 1027, 1036 (C.D. Cal. 2000) (voiding HOA's non-judicial foreclosure sale of property purchased under veteran's association home loan guarantee program); *Washington & Sandhill Homeowners Ass'n v. Bank of Am., N.A.*, No. 2:13-cv-01845-GMN-GWF, 2014 WL 4798565, at *6 (D. Nev. Sept. 25, 2014) (holding that property and supremacy clauses barred foreclosure sale where mortgage interest was federally insured).

With this background in mind, the court will examine the effect of Nevada Revised Statute 116.3116 on the federal insurance program at issue, to determine the validity of the instant HOA foreclosure sale.

### ii.   *The FHA insurance program*

The single family mortgage insurance program allows FHA to insure private loans, expanding the availability of mortgages to low-income individuals wishing to purchase homes. *See Sky Meadow*, 117 F. Supp. 2d at 980-81 (discussing program); *Washington & Sandhill*, 2014 WL 4798565, at *1 n.2 (same). If a borrower under this program defaults, the lender may foreclose on the property, convey title to HUD, and submit an insurance claim. 24 C.F.R. 203.355. HUD's property disposition program generates funds to finance the program. *See* 24 C.F.R. § 291.1.

Allowing an HOA foreclosure to wipe out a first deed of trust on a federally-insured property thus interferes with the purposes of the FHA insurance program. Specifically, it hinders HUD's ability to recoup funds from insured properties. Accordingly, the court reads the foregoing

James C. Mahan
U.S. District Judge

- 5 -

precedent to indicate that a homeowners' association foreclosure sale under Nevada Revised Statute 116.3116 may not extinguish a federally-insured loan.

Before addressing the effect of these findings on the foreclosure in this case, the court will address plaintiff's arguments regarding federal insurance of the loan.

### iii.   *Plaintiff's opposition*

In response to defendant's motion for summary judgment, plaintiff first argues that defendant does not provide adequate proof that the loan at issue was federally insured. (Doc. # 49). The court disagrees. Defendant attached the deed of trust at issue to its countermotion for summary judgment. (Doc. # 45-1).[2] The deed of trust exhibits an FHA case number as well as a notation reading "FHA Nevada Deed of Trust with MERS." Review of this document suggests that it was derived from a template deed of trust for FHA-insured loans.

The deed of trust repeatedly references HUD in laying out payment procedures. The deed of trust also cites 12 U.S.C. § 1701j-3(d), a provision of the Federal Housing Act. The document further references the Single Family Mortgage Foreclosure Act, which creates uniform standards for foreclosure of mortgages held under the National Housing Act. *See* 12 U.S.C. § 3751. The court finds this sufficient to show that the loan at issue was federally insured.

Plaintiff additionally contends that the Nevada statute is not preempted by the property and supremacy clauses in this case because HUD is not a party to this action. (Doc. # 49). This argument is without merit. While some of the case law on this issue involved HUD-owned property, the Ninth Circuit has clarified that mortgage interests of federal instrumentalities should be afforded the same protection as property actually owned by the United States. *Rust*, 597 F.2d at 177; *see also Washington & Sandhill*, 2014 WL 4798565, at *6 (stating that fact that property was conveyed to HUD after foreclosure sale was inconsequential in light of federal insurance

---

[2] Defendant also includes a number of additional exhibits with its reply, in an attempt to refute plaintiff's arguments regarding insufficient proof of FHA insurance. However, a court may not consider new evidence on reply without giving the opposing party an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Accordingly, the court will not consider defendant's additional exhibits. In any case, the court finds the inclusion of these exhibits unnecessary, as defendant's motion and attached exhibits are sufficient to grant summary judgment.

interest over course of loan). Accordingly, the absence of HUD from this suit, and any arguments turning on federal ownership of the property, do not dictate the court's holding in this case.

Relatedly, plaintiff argues that defendant lacks "standing to make this [preemption] argument on behalf of a federal agency that is not a party to this action." (Doc. # 49). Plaintiff cites no case law, nor does the court know of any, limiting federal preemption arguments to government parties. Defendant is entitled to argue that state law is constitutionally preempted whether or not the government is a party to the case. Plaintiff's contention is therefore baseless.

Next, plaintiff suggests that defendant lacks proof that the instant loan was insured by the FHA at the time of foreclosure. (Doc. # 49). This theory is not supported by the evidence filed in conjunction with defendant's countermotion for summary judgment. In particular, the assignment of the deed of trust from Chase to HUD, dated August 6, 2013, evidences a federal interest in the property after the date of the HOA foreclosure sale on February 15, 2013. (Doc. # 45-1, ex. H, J).

Such a conveyance comports with regulations governing FHA-insured loans. *See* 24 C.F.R. § 203.355(a). Accordingly, the evidence before the court does not support plaintiff's argument that the loan was not federally insured at the time of the HOA foreclosure sale.

Moreover, plaintiff contends that defendant's predecessor, Chase, lost FHA insurance coverage by allowing the deed of trust at issue to be extinguished by the HOA foreclosure sale. (Doc. # 49). In support of this theory, plaintiff cites 24 C.F.R. § 203.315, which provides for termination of such insurance when "[t]he property is bid in and acquired at foreclosure by a party other than the mortgagee." 24 C.F.R. § 203.315(a)(2)(i), (b)(2).

Plaintiff's argument ignores the underlying preemption question. The court has noted that the above-cited precedent forbids application of a state law that impedes a federal interest. Because the evidence supports a finding that the property was federally insured at the time of the HOA foreclosure sale, the court concludes that the HOA foreclosure sale at issue was invalid. As a result, the regulations cited by plaintiff do not apply in the instant case.[3]

---

[3] Additionally, the court notes that plaintiff's argument is not supported by relevant case law. Other courts have found HOA foreclosure sales to impede on federal interests in FHA-insured loans. Those courts refused to hold that the HOA foreclosures affected the government's property rights in any way, thus contradicting plaintiff's theory that FHA insurance is somehow eradicated

**James C. Mahan**
**U.S. District Judge**

- 7 -

Based on the foregoing, the court finds that the homeowners' association sale in the instant case is void. Accordingly, the court will enter summary judgment in favor of defendant on plaintiff's claims for quiet title and declaratory relief.

Defendant asserts a number of additional theories in support of its countermotion for summary judgment. (Doc. # 45). In light of the above analysis, the court need not address these alternative arguments. The court will grant defendant's motion and deny plaintiff's motion.

In light of the court's finding that the HOA foreclosure sale at issue was void, plaintiff, as a matter of law, cannot assert any claims against defendants Atkinson and Green based on an interest in the property. While these defendants have not answered plaintiff's complaint, plaintiff has not moved for default against them. Based on the foregoing, the court will dismiss plaintiff's claims against these defendants and direct the clerk to close the case.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for summary judgment, (doc. # 40), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's countermotion for summary judgment, (doc. # 45), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's remaining claims against defendants Atkinson and Green be, and the same hereby are, DISMISSED.

The clerk shall enter judgment in favor of defendants and close the case.

DATED April 30, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

upon an HOA foreclosure sale. *See Sky Meadow*, 117 F. Supp. 2d at 980-82; *Washington & Sandhill*, 2014 WL 4798565, at *6-7.

**James C. Mahan**
**U.S. District Judge**