UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SATICOY BAY LLC, SERIES 7342 TANGLEWOOD PARK,<br><br>                          Plaintiff(s),<br><br>     v.<br><br>SRMOF II 2012-1 TRUST, et al.,<br><br>                          Defendant(s). | Case No. 2:13-CV-1199 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Saticoy Bay, LLC Series 7342 Tanglewood Park's motion to reconsider. (ECF No. 57). Defendant SRMOF II 2012-1 Trust, U.S. Bank Trust, N.A. filed a response (ECF No. 58), to which plaintiff replied (ECF No. 65).

This case involves a dispute over property that was subject to a homeowners' association ("HOA") superpriority lien for delinquent assessment fees. On July 1, 2008, Beaulah Atkinson and Damon Green executed a deed of trust on their property located at 7342 Tanglewood Park Street, Las Vegas, Nevada ("the property"). The deed of trust listed Stewart Title Company as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. The loan was also federally insured through the Federal Housing Administration ("FHA") insurance program. (ECF No. 45-1).

On August 7, 2009, Nevada Association Services, Inc. ("NAS") filed a notice of delinquent assessment lien on the property on behalf of the Bar Arbor Glen HOA. On May 16, 2011, NAS filed a notice of default and election to sell under the HOA lien. NAS then filed two notices of intent to foreclose on the property. On February 15, 2013, NAS foreclosed on the HOA lien,

James C. Mahan
U.S. District Judge

selling the property to plaintiff's predecessor-in-interest, Saticoy Bay, LLC.  Plaintiff later obtained title to the property by quitclaim deed.  (ECF No. 45-1).

Defendant is the beneficiary of the deed of trust on the property.  On August 18, 2011, MERS assigned the deed of trust to JP Morgan Chase Bank, National Association ("Chase").  (ECF No. 45-1, exh. E).  On August 6, 2013, Chase assigned the deed of trust to the Secretary of Housing and Urban Development ("HUD").  (ECF No. 45-1, exh. J).  On November 5, 2013, HUD assigned the deed of trust to defendant.  (ECF No. 45-1, exh. K).

On May 17, 2013, plaintiff filed this action for quiet title and declaratory relief, arguing that defendants' interest in the property was extinguished by the HOA foreclosure sale pursuant to Nevada Revised Statute 116.3116.[1]  (ECF No. 1-1).  On July 9, 2013, defendants removed the action to this court.  (ECF No. 1).

On August 7, 2013, plaintiff filed a motion to remand to state court (ECF No. 12), which the court denied on October 29, 2013 (ECF No. 32).

On January 12, 2015, plaintiff moved for summary judgment.  (ECF No. 40).  On January 29, 2015, defendants filed a countermotion for summary judgment.  (ECF No. 45).

On April 30, 2015, the court entered an order denying plaintiff's summary judgment motion and granting defendants' countermotion for summary judgment and entered judgment in favor of defendants.  (ECF Nos. 53, 54).  In that order, the court held that the foreclosure sale was invalid because the property was federally insured at the time of the sale.  (ECF No. 53).

On May 28, 2015, plaintiff filed a notice of appeal as to the court's April 30th order.  (ECF No. 55).  In the currently pending appeal, plaintiff argues, *inter alia*, that the foreclosure sale extinguished JPMorgan's deed of trust, a conclusive presumption that the foreclosure sale was properly conducted exists, and neither the FHA nor the HUD held any interest in the property on the date of the foreclosure sale.  (9th Cir. ECF No. 6).

---

[1] Plaintiff originally sued Chase, California Reconveyance Company, Beaulah Atkinson, and Damon Green.  (ECF No. 1-1).  On January 16, 2014, the parties stipulated to substitute defendant and dismiss Chase, in light of the fact that defendant had been assigned the deed of trust.  (ECF No. 35).  On January 13, 2015, California Reconveyance Company was dismissed by stipulation.  (ECF No. 42).

**James C. Mahan**
**U.S. District Judge**

- 2 -

On August 11, 2016, plaintiff filed the instant motion seeking reconsideration of the court's October 29th order (ECF No. 32) denying its motion to remand to state court (ECF No. 12). (ECF No. 57). In particular, plaintiff requests a certification from this court of its intent to modify or vacate its October 29th order denying plaintiff's motion to remand to state court pursuant to Federal Rule of Civil Procedure 60 and *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110 (9th Cir. 2016).

Once a party files a notice of appeal, the district court is normally divested of jurisdiction over aspects of the case involved in the appeal. *See Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*). Federal Rule of Civil Procedure 62.1, however, provides that if a motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantive issue.

Fed. R. Civ. P. 62.1(a).

The court lacks authority to grant the instant motion as an appeal has been docketed and is currently pending. The appeal has been pending since May 2015, during which the parties have submitted briefs and engaged in oral arguments. Thus, the court declines to consider the motion at this time and will deny the motion without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to reconsider (ECF No. 57) be, and the same hereby is, DENIED WITHOUT PREJUDICE.

DATED November 4, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**